# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| BRIAN JOHNSON, on Behalf of Himself And All Others Similarly Situated, <br><br> Plaintiff, <br> v. <br><br> POZEN INC., JOHN R. PLACHETKA, and PETER J. WISE, <br><br> Defendants. | **MEMORANDUM OPINION AND ORDER** <br><br> 1:07CV599 |

In this class action lawsuit, this matter is before the court on a consent motion to appoint Plumbers' Union Local No. 12 Pension Fund and Gilbert Rodriguez as Co-Lead Plaintiffs and to Approve their Selection of Co-Lead and Liaison Counsel. (docket no. 28). For the following reasons, the motion is granted.

## BACKGROUND

This class action is brought on behalf of persons who purchased or otherwise acquired Pozen, Inc. securities between July 31, 2006, and August 1, 2007, inclusive ("the Class Period"). On October 9, 2007, Plumbers' Union Local No. 12 Pension Fund ("the Pension Fund"), Gilbert Rodriguez, and John Havrilla all filed separate motions for appointment as Lead Plaintiff and approval of selection of Lead Counsel. On October 16, 2007, Havrilla withdrew his motion, conceding that Rodriguez should

be the Lead Plaintiff because he has the largest financial interest in the relief sought. On October 24, 2007, the Pension Fund filed a one-page "Response" to the motions, acknowledging that Rodriguez, as the movant with the largest financial interest in the relief sought, is the presumptive Lead Plaintiff, but requesting that the court appoint the Pension Fund as Co-Lead Plaintiff. On November 7, 2007, the Pension Fund and Rodriguez filed a consent motion, asking the court to appoint both of them as Co-Lead Plaintiffs, with the law firm of Coughlin Stoia Geller Rudman & Robbins LLP and the law firm of Dreier LLP serving as Co-Lead Counsel, and with the law firm of McDaniel & Anderson LLP serving as Liaison Counsel.[1] That consent motion is now before the court.[2]

**DISCUSSION**

Motion to Appoint Co-Lead Plaintiffs

---

[1] Liaison Counsel is a term generally used to describe attorneys whose primary duties for the group involve essentially administrative matters, such as communications with other counsel and the court. *See* 9A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2385, at 77 n.3 (3d ed. 2008).

[2] Defendants have filed a "Response" to the consent motion. The consensus among courts is that Defendants have no standing to object to the proposed Plaintiff's motion because 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) expressly authorizes only class members to rebut the presumption that the proposed Lead Plaintiff is appropriate. *See In re Cendant Corp. Litig.*, 264 F.3d 201, 268 (3d Cir. 2001) (stating that the court should not permit or consider any arguments by defendants or non-class members regarding a motion for proposal of Lead Plaintiff); *see also In re Waste Mgmt. Inc. Sec. Litig.,* 128 F. Supp. 2d 401, 409 (S.D. Tex. 2000) (stating that defendants lack standing to challenge the adequacy or typicality of the proposed Lead Plaintiffs on a motion to appoint Lead Plaintiff). In any event, the court may still consider *sua sponte* the issues argued in Defendants' Response, and the court has done so in ruling on the motion. *See Fields v. Biomatrix, Inc.*, 198 F.R.D. 451, 454 (D.N.J. 2000).

2

The Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4 *et seq.,* provides that in a class action lawsuit a court shall appoint one or more Lead Plaintiffs to represent the class. 15 U.S.C. § 78u-4(a)(3)(B)(i). The inquiry used to appoint Lead Plaintiff under section 78u-4(a)(3)(B)(i) is "not as searching as the one triggered by a motion for class certification." *Switzenbaum v. Orbital Scis. Corp.,* 187 F.R.D. 246, 250 (E.D. Va. 1999). The entity or person appointed as Lead Plaintiff must be the member of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. § 78u-4(a)(3)(B)(i). There is a rebuttable presumption that the most adequate plaintiff is the one who has filed a complaint or made a motion in response to a notice, who has the largest financial interest in the relief sought, and who otherwise satisfies Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted only by a member of the purported class, not by the defendant. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Any rebuttal evidence must show that the presumptively most adequate plaintiff will not fairly represent the class or is subject to unique defenses. *Id.*

In determining whether the statutory presumption applies, the court must evaluate any proposed Lead Plaintiff to make sure it conforms to the mandates of the PSLRA. *See In re Waste Mgmt. Inc. Sec. Litig.,* 128 F. Supp. 2d 401, 410 (S.D. Tex. 2000). A presumptive Lead Plaintiff need make only a *prima facie* showing that

it can satisfy the typicality and adequacy requirements of Rule 23 to be appointed. *In re Cendant Corp. Litig.,* 264 F.3d 201, 263 (3d Cir. 2001). The typicality requirement of the rule requires that a Lead Plaintiff suffer the same injuries as the class as a result of the defendant's conduct and has claims based on the same legal issues. *Weiss v. York Hosp.,* 745 F.2d 786, 810 n.36 (3d Cir. 1984). Adequate representation requires a finding that the purported class representative and its attorney are capable of pursuing the litigation and that neither has a conflict of interest with other class members. *Sosna v. Iowa,* 419 U.S. 393, 403 (1975).

Rodriguez is the presumptive Lead Plaintiff in this case because he has the largest financial interest and appears to satisfy the Rule 23 typicality and adequate representation requirements.[3] The parties have filed a consent motion to allow the Pension Fund and Rodriguez to serve as Co-Lead Plaintiffs. The statute allows the Lead Plaintiff to be a "person or group of persons" or class "member or group of members," 15 U.S.C. § 78u-4(a)(3)(B)(i), (iii)(I). Therefore, the statute expressly allows for more than one person or entity to serve as Lead Plaintiffs. Here, the court in its discretion has determined that it is appropriate to appoint Rodriguez and the Pension Fund as Co-Lead Plaintiffs. The court agrees with the proposed Co-Lead Plaintiffs that the appointment of one Lead Plaintiff who is an individual private investor and one Lead Plaintiff that is an institutional investor will ensure that a

---

[3] During the Class Period, Rodriguez suffered an estimated loss of $206,846. During the Class Period, the Pension Fund suffered a loss of approximately $47,000.

broader range of shareholder interests will be represented than if the court appointed an individual or an institutional investor alone. *Accord Plumbers & Pipefitters Local 51 Pension Fund v. First BanCorp.,* 409 F. Supp. 2d 482, 483 (S.D.N.Y. 2006) (appointing two individual investors and an institutional investor that "could collectively fulfill the functions of lead plaintiff in a fair, adequate, and effective manner"); *In re Cable & Wireless, PLC Sec. Litig.,* 217 F.R.D. 372, 379 (E.D. Va. 2003) (stating that the appointment of an individual investor and an institutional investor "will ensure that all class members will be adequately represented in this action"); *Bell v. Ascendant Solutions, Inc.*, No. Civ. A. 3:01-CV-0166, 2002 WL 638571, at *5 (N.D. Tex. Apr. 17, 2002) (observing that the inclusion of an institutional investor with two individual investors "improves diversity of experience" for the class); *Yousefi v. Lockheed Martin Corp.*, 70 F. Supp. 2d 1061, 1071 (C.D. Cal. 1999) ("The Court also finds that with the appointment of one lead plaintiff who is an individual private investor and one lead plaintiff that is an institutional investor, the lead plaintiffs will represent a broader range of shareholder interests than if the Court appointed an individual or an institutional investor alone.").

I recognize that this court has previously denied a consent motion of two proposed Co-Lead Plaintiffs in *In re Cree, Inc. Securities Litigation*, 219 F.R.D. 369, 371-72 (M.D.N.C. 2003). In *Cree*, however, both of the proposed Co-Lead Plaintiffs were institutional investors. The court observed in that case that the two institutions did not show "any reason why co-lead plaintiffs would be helpful or appropriate."

5

*See id. at.* 372. Here, however, the proposed Co-Lead Plaintiffs have argued persuasively that an institution/individual Co-Lead Plaintiff structure will provide a diversity of representation and also protect the interests of the class at class certification in the event that either Rodriguez or the Pension Fund later leaves the action for whatever reason. *See In re Lucent Techs., Inc. Sec. Litig.*, 221 F. Supp. 2d 472, 483 (D.N.J. 2001) (finding that appointing a Co-Lead Plaintiff would provide "additional representation [that] may benefit the class and provide flexibility, if needed, in the future"). Therefore, I find that it is appropriate to appoint both Rodriguez and the Pension Fund as Co-Lead Plaintiffs.

Motion to Appoint Co-Lead Counsel

The PSLRA provides that the Lead Plaintiff shall "subject to the approval of the court" select and retain counsel to represent the class. 15 U.S.C. § 78u-4(a)(3)(B)(v). The court has the discretion to decline to appoint Lead Counsel that Lead Plaintiff chooses. *See In re Lucent Techs., Inc. Sec. Litig.,* 221 F. Supp. 2d at 488. The court has an obligation to assure that Lead Plaintiff's choice of representation best suits the needs of the class. *See id.* at 489. The court is also guided in the exercise of its discretion by the provisions of Rule 23(g) of the Federal Rules of Civil Procedure, effective December 1, 2003, providing that in appointing class counsel the court must consider the work counsel has done in identifying or investigating potential claims in the actions, counsel's experience in handling class actions and other complex litigation and claims of the type asserted in the present

6

action, counsel's knowledge of the applicable law, and the resources counsel will commit to representing the class. *See* FED. R. CIV. P. 23(g).

Rodriguez and the Pension Fund seek to employ the law firms of Dreier LLP and Coughlin Stoia Geller Rudman & Robbins LLP as Co-Lead Counsel. The Pension Fund and Rodriguez also seek to employ the law firm of McDaniel & Anderson LLP as Liaison Counsel. Based on the information before the court, the court is satisfied that the Dreier and Coughlin Stoia law firms are appropriate to serve as Co-Lead Counsel. Both firms have extensive experience in representing investors in securities actions throughout the country and have long been heavily engaged in securities and corporate litigation. The court is also satisfied that the two law firms have sufficient resources to prosecute this action in a thorough and expeditious manner and to provide adequate representation to the members of the purported class. Finally, it is also appropriate to allow the law firm of McDaniel & Anderson LLP to serve as Liaison Counsel. The court reminds counsel, however, of the PSLRA's mandate that total attorneys fees must be limited to "a reasonable percentage of the amount of any damages and prejudgment interest actually paid to the class." *See* 15 U.S.C. § 78u-4(a)(6). Therefore, there shall be no duplicative services rendered or concomitant increase in attorney's fees arising out of the use of more than one law firm to represent the class members.

**CONCLUSION**

For the reasons stated herein, the consent motion (docket no. 28) to appoint

7

Plumbers Union Local No. 12 Pension Fund and Gilbert Rodriguez as Co-Lead Plaintiffs and to Approve their Selection of Co-Lead and Liaison Counsel is **GRANTED**. Therefore:

1. Plumbers' Union Local No. 12 Pension Fund and Gilbert Rodriguez are appointed as Co-Lead Plaintiffs pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(i).

2. Plumbers' Union Local No. 12 Pension Fund's and Gilbert Rodriguez's selection of Coughlin Stoia Geller Rudman & Robbins LLP and Dreier LLP as Co-Lead Counsel and McDaniel & Anderson LLP as Liaison Counsel is hereby approved, pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

The Clerk is directed to amend the caption to reflect the status of the parties.

**IT IS SO ORDERED**.

_____
Wallace W. Dixon
United States Magistrate Judge

February 15, 2008

8

Case 1:07-cv-00599-NCT-WWD   Document 35   Filed 02/15/08   Page 8 of 8